MARGARET WILLIAMS AND JOHN WILLIAMS, PLAIN-
TIFFS-RESPONDENTS, v. HUDSON AND MANHATTAN
RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1927—Decided March 29, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the appellant, *Collins & Corbin* (*Edward A. Markley*,
of counsel).

For the respondents, *Alexander Simpson*.

PER CURIAM.

This is the defendant's appeal from a judgment against
it in the Hudson Common Pleas. Mrs. Williams was a pas-
senger on a car of the defendant, Hudson and Manhattan
Railroad Company. When she got off at Grove street, Jersey
City, her leg was caught by the premature closing of the car
door and went through the space between the car and the plat-
form and was injured. For the damages consequent upon
the injuries suit was instituted by her and her husband.

There had been a previous trial and on a rule a new trial
granted as to damages only. On the retrial a verdict was
awarded to Mrs. Williams for $500 and to the husband for
$125.

The first, second and third points argued in appellant's brief are that the trial judge refused to limit the negligence of the defendant to the premature closing of the door and in excluding as an element of negligence the spacing between the car and the platform. The relation of the car and platform was not in issue. The only element of negligence alleged in the complaint was that the defendant failed to afford to the plaintiff sufficient time to alight from the car, but negligently and without warning closed the door against her, thereby causing the injuries complained of. And this issue the trial judge submitted to the jury in language which left no doubt that that was the sole basis upon which the plaintiff could recover.

The fourth point is that the court erred in instructing the jury that the defendant was "under the duty of affording a reasonable opportunity for this plaintiff to alight," and it is urged that under the cases of *Foley* v. *Brunswick Traction Co.*, 66 *N. J. L.* 637; *Mason* v. *Erie Railroad Co.*, 75 *Id.* 521; and *Olsofrom* v. *North Jersey Street Railway Co.*, 81 *Id.* 321; this was error because the court omitted to say that the defendant was under a duty only to use "reasonable care" to afford the plaintiff an opportunity to alight.

As applied to the facts of this case we think the omission was not error. The cases cited deal with passive conditions for which the defendant might or might not be responsible. In the present case the negligence of the defendant, if it existed, consisted wholly in the affirmative act of the defendant's servant in causing the plaintiff to fall by reason of the premature closing of the door, and the charge in effect meant that it was the duty of the servant to avoid such improper closing. In view of these facts the ground of complaint under this head is hypercritical and does not justify reversal. Particularly is this so when in the charge it was immediately added that if the jury found that the door was shut upon the plaintiff it was for it to say whether or not the defendant company exercised the degree of care already defined.

It is next contended that the trial court erroneously applied the rule that the defendant being a common carrier of

passengers was obliged to use the highest degree of care and that the defendant was liable for the slightest negligence. Appellant's brief does not correctly quote the charge in this respect in that it left out the words, "that a reasonable man would use," immediately following the word "care." The ground of complaint seems to be that inasmuch as the train was not moving at the time the accident happened, and the negligence, if such there was, consisting of the premature closing of the car door, the rule of ordinary and reasonable care was applicable. It was the conduct of the defendant's servant in the course of transportation that gave rise to the plaintiff's cause of action and the higher standard was applicable.

It is next contended that on the second trial the court refused to permit counsel to examine the plaintiff on the incidents happening at the time of the accident, contending that these were admissible as bearing upon the plaintiff's injuries. We fail to see that the defendant has suffered any injury by any ruling complained of under this head.

It is finally urged that the court erred in failing to instruct the jury to disregard certain remarks made by counsel for the plaintiff in his argument to the jury. At the request of counsel the learned judge promised to take care of these remarks in his charge. This we think the court did in substance when it told the jury they must take the evidence solely as their guide and that the arguments of counsel formed no part of their consideration of the case. At all events defendant's counsel, apparently taking the same view, took no exception to the court's failure to admonish the jury further and the question is not before us.

The judgment is affirmed.